1

2

3

4

5

6

**United States District Court**
For the Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| Tonja Swain, | NO. C 09-01096 JW |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| Dywidag-Systems International USA, Inc., et al., | |
| Defendants. | |

Presently before the Court is Defendants' Request for Leave to File a Motion for Reconsideration. (hereafter, "Request," Docket item No. 47.) Defendants seek leave to file a motion for reconsideration of the Court's June 4, 2009 Order denying Defendants' motions to dismiss and remanding this action to state court.

On June 4, 2009, the Court granted Plaintiff's motion to remand and denied Defendants' various motions to dismiss. (June 4, 2009 Order, hereafter, "June 4 Order," Docket Item No. 45.) Defendants' contend that there was a manifest failure by the Court to consider material facts and dispositive legal arguments. (Request at 1.) Specifically, Defendants contend that the Court "manifestly failed" to consider §§ 4, 5 and 28 of Plaintiff's Collective Bargaining Agreement ("CBA"). (Id.)

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1)     At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory

**United States District Court**
For the Northern District of California

1    order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

2    (2)   The emergence of new material facts or a change of law occurring after the time of such order; or

3    (3)   A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

5    Civ. L.R. 7-9(b).  A motion for leave to file a motion for reconsideration may not repeat any oral or

6    written argument previously made with respect to the interlocutory order that the party now seeks to

7    have reconsidered.  Civ. L.R. 7-9(c).  "A party who violates this restriction shall be subject to

8    appropriate sanctions."  Id.

9    Here, the Court is satisfied that it properly considered all the relevant provisions of the CBA.

10   As noted by Defendants in their Request, §§ 4, 5 and 28 of the CBA were referenced in the papers

11   considered in deciding Defendants' motions.  (See Docket Item No. 41.)  Indeed, the Court referred

12   to several of these provisions in its Order.  (June 4 Order at 7 n.6.)  Despite consideration of the

13   entire CBA and the legal arguments submitted by Defendants, the Court found that, similar to the

14   Ninth Circuit's decision in Detabali v. St. Luke's Hospital,[1] Plaintiff's claims under Cal. Gov't Code

15   § 12940, et seq., require only reference the CBA, not interpretation of any disputed terms.  (June 4

16   Order at 7.)  Thus, the Court finds that there was not a manifest failure to consider material facts or

17   dispositive legal arguments which were previously presented.

18   Accordingly, the Court DENIES Defendants' Request for Leave to File a Motion for

19   Reconsideration.

20

21   Dated:  June 19, 2009                                      _James Ware_

22                                                              JAMES WARE
                                                                United States District Judge

23

24

25

26   _____

27   [1]  482 F.3d 1199, 1203-04 (9th Cir. 2007).

28                                            2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alice Conway Powers powers@lbbslaw.com
Andrew Field Pierce apierce@pierceshearer.com
Barry E. Hinkle courtnotices@unioncounsel.net
Charles Oliver Thompson thompsonc@lbbslaw.com
Concepcion E. Lozano-Batista courtnotices@unioncounsel.net
Sandra Rae Benson courtnotices@unioncounsel.net
Stacy A. North stacy@pierceshearer.com

**Dated:  June 19, 2009**                        **Richard W. Wieking, Clerk**


                                               **By:      /s/ JW Chambers            **
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**

United States District Court
For the Northern District of California